**GARFUNKEL WILD, P.C.**
ATTORNEYS AT LAW

111 GREAT NECK ROAD • GREAT NECK, NEW YORK 11021
TEL (516) 393-2200 • FAX (516) 466-5964
www.garfunkelwild.com

HARPREET KAUR
Associate
Licensed in NY
Email: hkaur@garfunkelwild.com
Direct Dial: (516) 393-2239

FILE NO.:   15478.0005

February 23, 2022

**By ECF**

The Honorable Ronnie Abrams
United States District Court
Southern District of New York
40 Foley Square, Courtroom 1506
New York, New York 10007

    Re:   *Tina Forbes v. Tri-County Care, LLC & Japhe Deliat*
           Docket No. 21-cv-1366 (RA)

Dear Judge Abrams:

    We represent Defendants Tri-County Care, LLC ("Tri-County") and Japhe Deliat ("Mr. Deliat") (collectively "Defendants") in the referenced action, and respectfully submit this letter to request the Court enter an order so-ordering the attached subpoena issued under Fed. R. Civ. P. 45, for the deposition testimony of non-party witness Ms. Sara Bucknal. A copy of the subpoena is annexed hereto as Exhibit "A."

    By way of background, in or about September 2020, approximately four months after Plaintiff first filed her Equal Employment Opportunity Commission ("EEOC") Charge of Discrimination *pro se*, my partner, Mr. Andrew Zwerling was contacted by Mr. Tyrone Blackburn, who introduced himself as Plaintiff's counsel of record before the EEOC. During this conversation, Mr. Blackburn mentioned to Mr. Zwerling that he had recently filed supplemental papers with the EEOC, including an affidavit from Ms. Bucknal ("Bucknal Affidavit"), in support of Plaintiff's EEOC Charge of Discrimination. Neither Plaintiff, nor Mr. Blackburn, however, had ever previously served a copy of this supplemental submission to the EEOC upon the Defendants. In response, Mr. Zwerling requested a copy of the Bucknal Affidavit, which was then provided. (A copy of the Bucknal Affidavit is annexed hereto as Exhibit "C.")

    The Bucknal Affidavit clearly demonstrates that Plaintiff had direct access to Ms. Bucknal during the course of this dispute, and in particular, while her claims were pending before the EEOC. Based upon fundamental rules of fairness and in order to level the playing field, it was only right that Defendants be provided an opportunity to depose Ms. Bucknal about her affidavit, which is what they have sought to do by serving Ms. Bucknal with a subpoena. Absent such access, Defendants would be severely prejudiced in this matter.

---

The Honorable Ronnie Abrams
January 24, 2022
Page 2

   To that end, on or about January 18, 2022, Defendants personally served Ms. Bucknal with a subpoena to testify at a deposition in this litigation on March 7, 2022. On or about January 31, 2022, my legal secretary contacted Ms. Bucknal by phone to confirm her appearance at the noticed deposition. During this call my secretary and Ms. Bucknal discussed scheduling the deposition for March 8, 2022. Ms. Bucknal advised that she would block this date on her calendar for the deposition and follow-up with my secretary to confirm. Ms. Bucknal, however, failed to follow-up as she promised she would do. Thereafter, I personally attempted to contact Ms. Bucknal by phone on three occasions to confirm her deposition for March 8, 2022, without success. I subsequently contacted Ms. Bucknal by email on February 18, 2022 in a further attempt to confirm the March 8, 2022 deposition. A copy of my February 18, 2022 email is attached hereto as Exhibit "B." In response to my email correspondence, Ms. Bucknal again refused to confirm her deposition. Rather, Ms. Bucknal advised me that she would let me know her availability for a deposition on March 8, 2022 as we get closer to this date.

   Defendants simply seek a fair and full opportunity to depose Ms. Bucknal in relation to the statements contained in the Bucknal affidavit as well as the underlying facts of this litigation. Given Ms. Bucknal's failure to commit that she will appear on March 8, 2022, as discussed with her and as she originally suggested would do, and with the deadline for the completion of fact discovery fast approaching, Defendants respectfully request that the Court so-order the attached subpoena seeking Ms. Bucknal's deposition on March 8, 2022, in order to enhance the possibility of Ms. Bucknal appearing for her deposition on this previously discussed date.

   We thank Your Honor for your time and attention to this matter.

                 Respectfully yours,

                 */s/ Harpreet Kaur*

                 Harpreet Kaur

cc:  All Counsel of Record

Plaintiff shall respond to this letter by no later than the end of the day tomorrow, February 25, 2022.

SO ORDERED.

_____
Hon. Ronnie Abrams
02/24/2022

**GARFUNKEL WILD, P.C.**

6388227v.2