**GARFUNKEL WILD, P.C.**
ATTORNEYS AT LAW

111 GREAT NECK ROAD • GREAT NECK, NEW YORK 11021
TEL (516) 393-2200 • FAX (516) 466-5964
www.garfunkelwild.com

HARPREET KAUR
Associate
Licensed in NY
Email: hkaur@garfunkelwild.com
Direct Dial: (516) 393-2239

FILE NO.:   15478.0005

February 23, 2022

**By ECF**

The Honorable Ronnie Abrams
United States District Court
Southern District of New York
40 Foley Square, Courtroom 1506
New York, New York 10007

      Re:   *Tina Forbes v. Tri-County Care, LLC & Japhe Deliat*
             Docket No. 21-cv-1366 (RA)

Dear Judge Abrams:

      We represent Defendants Tri-County Care, LLC ("Tri-County") and Japhe Deliat ("Mr. Deliat") (collectively "Defendants") in the referenced action, and respectfully submit this letter to request the Court enter an order so-ordering the attached subpoena issued under Fed. R. Civ. P. 45, for the deposition testimony of non-party witness Ms. Sara Bucknal. A copy of the subpoena is annexed hereto as Exhibit "A."

      By way of background, in or about September 2020, approximately four months after Plaintiff first filed her Equal Employment Opportunity Commission ("EEOC") Charge of Discrimination *pro se*, my partner, Mr. Andrew Zwerling was contacted by Mr. Tyrone Blackburn, who introduced himself as Plaintiff's counsel of record before the EEOC. During this conversation, Mr. Blackburn mentioned to Mr. Zwerling that he had recently filed supplemental papers with the EEOC, including an affidavit from Ms. Bucknal ("Bucknal Affidavit"), in support of Plaintiff's EEOC Charge of Discrimination. Neither Plaintiff, nor Mr. Blackburn, however, had ever previously served a copy of this supplemental submission to the EEOC upon the Defendants. In response, Mr. Zwerling requested a copy of the Bucknal Affidavit, which was then provided. (A copy of the Bucknal Affidavit is annexed hereto as Exhibit "C.")

      The Bucknal Affidavit clearly demonstrates that Plaintiff had direct access to Ms. Bucknal during the course of this dispute, and in particular, while her claims were pending before the EEOC. Based upon fundamental rules of fairness and in order to level the playing field, it was only right that Defendants be provided an opportunity to depose Ms. Bucknal about her affidavit, which is what they have sought to do by serving Ms. Bucknal with a subpoena. Absent such access, Defendants would be severely prejudiced in this matter.

---

NEW YORK             NEW JERSEY             CONNECTICUT

6388227v.2

The Honorable Ronnie Abrams
January 24, 2022
Page 2

      To that end, on or about January 18, 2022, Defendants personally served Ms. Bucknal with a subpoena to testify at a deposition in this litigation on March 7, 2022. On or about January 31, 2022, my legal secretary contacted Ms. Bucknal by phone to confirm her appearance at the noticed deposition. During this call my secretary and Ms. Bucknal discussed scheduling the deposition for March 8, 2022. Ms. Bucknal advised that she would block this date on her calendar for the deposition and follow-up with my secretary to confirm. Ms. Bucknal, however, failed to follow-up as she promised she would do. Thereafter, I personally attempted to contact Ms. Bucknal by phone on three occasions to confirm her deposition for March 8, 2022, without success. I subsequently contacted Ms. Bucknal by email on February 18, 2022 in a further attempt to confirm the March 8, 2022 deposition. A copy of my February 18, 2022 email is attached hereto as Exhibit "B." In response to my email correspondence, Ms. Bucknal again refused to confirm her deposition. Rather, Ms. Bucknal advised me that she would let me know her availability for a deposition on March 8, 2022 as we get closer to this date.

      Defendants simply seek a fair and full opportunity to depose Ms. Bucknal in relation to the statements contained in the Bucknal affidavit as well as the underlying facts of this litigation. Given Ms. Bucknal's failure to commit that she will appear on March 8, 2022, as discussed with her and as she originally suggested would do, and with the deadline for the completion of fact discovery fast approaching, Defendants respectfully request that the Court so-order the attached subpoena seeking Ms. Bucknal's deposition on March 8, 2022, in order to enhance the possibility of Ms. Bucknal appearing for her deposition on this previously discussed date.

      We thank Your Honor for your time and attention to this matter.

Respectfully yours,

*/s/ Harpreet Kaur*

Harpreet Kaur

cc: All Counsel of Record

---

Application granted. The so-ordered subpoena is attached hereto as an exhibit, noting that the deposition is to be held virtually.

SO ORDERED.

_____
Hon. Ronnie Abrams
02/25/2022

**GARFUNKEL WILD, P.C.**

6388227v.2

# EXHIBIT A

Case 1:21-cv-01366-RA   Document 34-1   Filed 02/23/22   Page 1 of 7

United States District Court

for the

Southern District of New York

| TINA FORBES | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 21-cv-01366 (RA) |
| TRI-COUNTY CARE LLC and JAPHE DELIAT | ) | |
| *Defendants* | ) | (If the action is pending in another district, state where:) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:   Sara Bucknal
      8915 Farragut Road
      Brooklyn, New York 11236

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party to this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: | The deposition is to be held virtually. | Date and Time: | March 8, 2022 at 10:00 a.m. |
|---|---|---|---|

The deposition will be recorded by this method:  Court Reporter

☒ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:
         See attached Schedule A

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Fed. R. Civ. P. 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  February 23, 2022

SO ORDERED.

*[signature]*

*CLERK OF COURT*

OR

Hon. Ronnie Abrams        *Signature of Clerk or Deputy Clerk*            *Attorney's signature*
02/25/2022

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* TRI-COUNTY CARE, LLC and JAPHE DELIAT, issues or requests this subpoena, are:

Name:       Andrew L. Zwerling, Esq. and Harpreet Kaur, Esq., Garfunkel Wild, P.C.
Address:    111 Great Neck Road, Great Neck, NY 11021
E-mail:     hkaur@garfunkelwild.com
Telephone:  516-393-2239

6389357v.1

Civil Action No. 21-cv-01366

**PROOF OF SERVICE**

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____; or

☐ I returned the subpoena unexecuted because: _____.

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are  $_____ for travel and  $_____ for services, for a total of  $_____

I declare under penalty of perjury that this information is true.

Date: 

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

6389357v.1

### Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

   **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

   **(2)** *Command to Produce Materials or Permit Inspection.*

     **(A)** *Appearance Not Required*. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

     **(B)** *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

       **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

       **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

   **(3)** *Quashing or Modifying a Subpoena.*

     **(A)** *When Required*. On timely motion, the issuing court must quash or modify a subpoena that:

       **(i)** fails to allow a reasonable time to comply;

       **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

       **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

       **(iv)** subjects a person to undue burden.

     **(B)** *When Permitted*. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

       **(i)** disclosing a trade secret or other confidential research, development, or commercial information;

       **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

       **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

     **(C)** *Specifying Conditions as an Alternative*. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

       **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

       **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

   **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

     **(A)** *Documents*. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

     **(B)** *Form for Producing Electronically Stored Information Not Specified*. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

     **(C)** *Electronically Stored Information Produced in Only One Form*. The person responding need not produce the same electronically stored information in more than one form.

     **(D)** *Inaccessible Electronically Stored Information*. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

   **(2)** *Claiming Privilege or Protection.*

     **(A)** *Information Withheld*. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

       **(i)** expressly make the claim; and

       **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

     **(B)** *Information Produced*. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## SCHEDULE A

## DEFINITIONS AND INSTRUCTIONS

The term "Document" as used herein, means any kind of written or graphic matter, however produced or reproduced, of any kind or description, whether sent or received or neither, including originals, non-identical copies and drafts and both sides thereof, and including but not limited to: papers, books, trade acceptances, letters of credit, guarantees, transcripts, ledgers, cash receipt books, cash disbursements books, invoices, canceled checks, account statements, letters, photographs, correspondence, telegrams, memoranda, notes, notations, work papers, minutes, reports and recordings of telephone or other conversations, or of interviews, or of conferences, or of other meetings, affidavits, statements, summaries, opinions, decisions, reports, studies, analyses, evaluations, contracts, agreements, journals, statistical records, desk calendars, appointment calendars, diaries, diary print-outs, data processing input and output, microfilms, emails, all other records kept by electronic, photographic or mechanical means and things similar to any of the foregoing.

The term "concerning" as used herein, means relating to, referring to, reflecting, mentioning, describing, evidencing, or constituting.

The term "person" as used herein, means any individual, partnership, firm, association, corporation, governmental agency or other legal or business entity.

References to any persons or entities include, as appropriate, all predecessors, successors, parents, subsidiaries, affiliates, agents, employees and persons or entities acting for or on behalf of such person or entity, including, without limitation, attorneys and/or legal counsel. Thus, Sara Bucknal, or "Ms. Bucknal," should be deemed to include any affiliated entities.

These requests extend to any and all documents in Ms. Bucknal' possession, custody or control, including, without limitation, documents in the custody of any of Ms. Bucknal' attorneys, legal counsel, affiliates, or other agents.

In the event any document or portion of a document requested herein is not produced, identify the document by stating its name or title, date, the type of document (letter, internal memorandum, etc.) the author thereof, the signer thereof, the persons to whom addressed, any file, index, or other identifying number affixed thereto, and the person having custody or control thereof, provide a short summary of the contents thereof, and state the reason or reasons for your withholding the document.

Unless otherwise indicated, the timeframe of each request below is from March 25, 2019 to the Present.

6389357v.1

This request is to be deemed continuing up to and including the trial of the within action, and responses hereto are to be supplemented within a reasonable time after the receipt or location of additional Documents or information which have been requested herein.

**DOCUMENTS REQUESTED**

1. All Documents concerning or related to Plaintiff Tina Forbes's ("Plaintiff") employment at Tri-County Care, LLC ("Tri-County") in Ms. Bucknal's possession, including, but not limited to, emails, text messages, memoranda, notes, or any other writings, transmitted between Ms. Bucknal and any individual.

2. All Documents concerning or related to Plaintiff's termination from Tri-County in Ms. Bucknal's possession, including, but not limited to, emails, text messages, memoranda, notes, or any other writings.

3. All Documents concerning or related to Plaintiff's alleged February 17, 2020 communications with Ms. Bucknal, including but not limited to emails, text messages, memoranda, notes, or any other writings.

4. All Documents concerning or related to communications between Ms. Bucknal and Tri-County's Vice President of Human Resources, Blimi Kornbluh, regarding Plaintiff and/or Plaintiff's employment at Tri-County, including but not limited to emails, text messages, memoranda, notes, or any other writings.

5. All Documents concerning or related to communications between Ms. Bucknal and any Tri-County employee regarding Plaintiff and/or Plaintiff's employment at Tri-County, including but not limited to emails, text messages, memoranda, notes, or any other writings.

6389357v.1

6. All Documents concerning or related to the General Affidavit of Sara Bucknal, dated June 2, 2020, including but not limited to emails, text messages, memoranda, notes, or any other writings.

7. All Documents exchanged between Plaintiff and Ms. Bucknal, including but not limited to emails, text messages, memoranda, notes, or any other writings.

8. All Documents exchanged between Plaintiff's attorneys, T.A. Blackburn Law, PLLC, and Ms. Bucknal, including but not limited to emails, text messages, memoranda, notes, or any other writings.

9. All Documents concerning or related to any communications between Plaintiff and Ms. Bucknal, text messages, memoranda, notes, or any other writings.

10. All Documents concerning or related to any communications between Plaintiff's attorneys, T.A. Blackburn Law, PLLC, and Ms. Bucknal, text messages, memoranda, notes, or any other writings.

6389357v.1

# EXHIBIT B

## GENERAL AFFIDAVIT

**State of New York**
**County of Kings**

BEFORE ME, the undersigned Notary, Tyrone Anthony Blackburn, on this _2_ day of June 2020, **Sara Bucknal**, personally appeared, and is known to me to be a credible person and of lawful age, who being by me first duly sworn, oath, deposes and says:

I am a former employee of Tri-County Care, I was employed as an HR Specialist and located in the Long Island City Office. I resigned my position with Tri-County Care 4/3/2020 for a promotional opportunity in another organization. This affidavit is to provide my recollection of events when Tina Forbes was terminated from Tri-County Care as the training and education specialist.

On Monday, February 17, 2020, Training and education specialist- Tina Forbes reported to me that she was pregnant and in need of an accommodation, she wanted to change her office location to reduce travel time for her small child at home with his childcare services, and as she got further along in her pregnancy- travel would become more challenging for her.

I advised her to inform her direct supervisor- Japhe Deliat, of her pregnancy and the need for an accommodation upon his arrival to the LIC office. While conducting a routine visit to LIC on that Monday, Japhe Deliat and Tina had a private discussion about her pregnancy and the accommodations needed based on Tina being pregnant and also having a small child.

After the meeting with Japhe, Tina expressed to me that she did not feel comfortable after the conversation with him and she regrets saying anything. She explained that he asked very personal questions related to her child's father, her age, and her plans dealing with two small children moving forward. She very clearly emphasized her concern that her job may be in jeopardy. I told Tina not to worry because ethically and legally they cannot do anything to her because of her being pregnant. Within 1-2 days, Tina received an email from her supervisor Japhe and it stated that he will be back to the Long Island City office on Friday, February 21, to have an in-person conversation with her.

Tina grew increasingly uncomfortable, but as an employee of the HR team and as an HR professional- I was not made aware of anything being done by the HR team, and I did not believe that Tina would be subject to any backlash based on her informing her supervisor she's pregnant.

On Friday, February 21, 2020- Japhe Deliat reported to the Long Island City office and informed me that Tina Forbes was being let go. When he arrived, he had no documents to issue, he had no solidified justification, just an order to release the employee- Tina Forbes immediately. I asked him if he had spoken with the Vice President of HR- Blimi Kornbluh and was she aware- he informed me that the decision to terminate was a group discussion (that she was a part of) and he was given a directive to terminate. He stated that Tina's request seemed to have triggered a

1

negative response to the executives in the corporate office, and after they deliberated on her request for an accommodation- they decided to let her go.

In disbelief I asked the head of my department- Blimi Kornbluh via text for termination documents, reasoning, and I explained that Tina is also pregnant- with the intent to deter her from proceeding with the termination. Blimi responded that we will be going forward with termination due to lack of services from Tina, not because of the pregnancy. Blimi sent an email to Japhe stating "restructuring" as the reason for termination, once he provided me with the information, I verified with Blimi if this is what she wanted, and I proceeded to draw up the termination document and presented it to Tina Forbes.

*Signature Sara Bucknal*

Subscribed and sworn to before me, this __2__ day of June 2020.

Notary Seal:
```
Tyrone Anthony Blackburn
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02BL6393921
Qualified in Kings County
Commission Expires    June 24, 2023
```

My commission expires: _____, 20____.

Tyrone A. Blackburn, Notary Public

CONFIDENTIAL                                                           TC 0000180

# EXHIBIT C

# Kaur, Harpreet

| | |
|---|---|
| **From:** | Kaur, Harpreet |
| **Sent:** | Friday, February 18, 2022 10:08 AM |
| **To:** | 'sara.bucknal@yahoo.com' |
| **Cc:** | Zwerling, Andrew |
| **Subject:** | Tina Forbes v. Tri-County Care, et al. |

Good morning Ms. Bucknal,

My firm represents Tri-County Care, LLC and Japhe Deliat in a lawsuit commenced by Tina Forbes. On January 18, 2022, our firm served upon you a subpoena to testify at a deposition in the referenced litigation. Thereafter, on January 31, 2022, you spoke with my legal secretary, Julie Samluk, during which conversation you indicated a willingness to be deposed. You advised my secretary if she provided you with a date for your deposition, you would block it out on your calendar and confirm in a follow-up call to her. My secretary proposed March 8, 2022 at 10:00 a.m., to which you stated that you would call back to confirm the date. More recently, I have personally attempted to contact you on three occasions to confirm the March 8 date for your deposition, without success. To date we have not heard from you in any manner regarding the confirmation of your appearance for a deposition pursuant to the subpoena.

We need to lock in March 8, 2022, or another mutually agreeable date, for your deposition as soon as possible. If we do not hear from you expeditiously we will be compelled to seek judicial relief from the Court to compel your appearance for the deposition. **Please respond on or before February 25, 2022 to confirm a date for your deposition.** If we do not hear from you by then, we will have no option but to turn to go to Court.

If you have any questions, please let me know.

Best,

Harpreet Kaur, Esq.
Associate
Garfunkel Wild, P.C.
111 Great Neck Road
Great Neck, New York  11021
t: 516.393.2239 | f: 516.918.5610





1

# EXHIBIT D

# Kaur, Harpreet

| | |
|---|---|
| From: | Sara Bee <sara.bucknal@yahoo.com> |
| Sent: | Saturday, February 19, 2022 2:09 PM |
| To: | Kaur, Harpreet |
| Cc: | Zwerling, Andrew |
| Subject: | Re: Tina Forbes v. Tri-County Care, et al. |

**\*\*\* External email \*\*\***

Good afternoon,

Thank you for your email and information.

As an important note, I've already provided statements on behalf of Tina Forbes. I am currently managing some organizational changes with my current team and I have no certainty of availability on 3/8- as the day gets closer, I can further clarify.

Thank you,
Sara B.

> On Feb 18, 2022, at 10:07 AM, Kaur, Harpreet <hkaur@garfunkelwild.com> wrote:
>
> Good morning Ms. Bucknal,
>
> My firm represents Tri-County Care, LLC and Japhe Deliat in a lawsuit commenced by Tina Forbes. On January 18, 2022, our firm served upon you a subpoena to testify at a deposition in the referenced litigation. Thereafter, on January 31, 2022, you spoke with my legal secretary, Julie Samluk, during which conversation you indicated a willingness to be deposed. You advised my secretary if she provided you with a date for your deposition, you would block it out on your calendar and confirm in a follow-up call to her. My secretary proposed March 8, 2022 at 10:00 a.m., to which you stated that you would call back to confirm the date. More recently, I have personally attempted to contact you on three occasions to confirm the March 8 date for your deposition, without success. To date we have not heard from you in any manner regarding the confirmation of your appearance for a deposition pursuant to the subpoena.
>
> We need to lock in March 8, 2022, or another mutually agreeable date, for your deposition as soon as possible. If we do not hear from you expeditiously we will be compelled to seek judicial relief from the Court to compel your appearance for the deposition. **Please respond on or before February 25, 2022 to confirm a date for your deposition.** If we do not hear from you by then, we will have no option but to turn to go to Court.
>
> If you have any questions, please let me know.
>
> Best,
>
> Harpreet Kaur, Esq.
> Associate

1

Garfunkel Wild, P.C.
111 Great Neck Road
Great Neck, New York  11021
t: 516.393.2239 | f: 516.918.5610



**Disclaimer**

NOTICE: This e-mail and the attachments hereto, if any, may contain legally privileged and/or confidential information. It is intended only for use by the named addressee(s). If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail and the attachments hereto, if any, is strictly prohibited. If you have received this transmission in error, please immediately notify the sender by telephone and permanently delete this e-mail and the attachments hereto, if any, and destroy any printout thereof.

2