

# T. A. Blackburn Law

TYRONE A. BLACKBURN

MEMBER OF
NY & NJ BAR

FEDERAL MEMBERSHIP
EDNY, SDNY, NDNY, & DNJ

1242 EAST 80TH STREET, 3RD FLOOR
BROOKLYN, NY 11236

March 24, 2022

**VIA ECF**
The Honorable Ronnie Abrams
United States District Judge
Southern District of New York
40 Foley Square, Room 2203
New York, NY 10007

Re: Forbes v. Tri-County Care, LLC. et al. Case No. 1-21-cv-01366-RA

Dear Judge Abrams:

We represent Plaintiff Tina Forbes in the above-referenced action. We write to Your Honor pursuant to Federal Rule of Civil Procedure 37, Local Rules 37.1 and 37.3 and Your Honor's Individual Practice Rule I.3, to request an Order Compelling Defendant's Tri-County Care, LLC ("TCC") and Japhe Deliat (the "Defendant") to produce discovery and amend their answers to specific discovery requests, as set forth below. Plaintiff also requests an award of their costs and fees.

Per Your Honor's Individual Rules, on March 22, 2022, Plaintiff met and conferred with Defendant to work through the outstanding discovery requests. Defendants opposed providing the requested discovery for a bevy of reasons and urged Plaintiff to file its motion to compel them to provide the requested discovery. Plaintiff is asking the Court to set a briefing schedule so Plaintiff can file its Motion to Compel.

Rule 3 7 permits the requesting party to apply for an order compelling discovery when a party fails to respond to discovery requests. See Fed. R. Civ. P. 37(a). A party may move to compel the production of documents or answers to interrogatories. See Fed. R. Civ. P. 26(a). A party can also move to compel under Rule 37(a) when its adversary offers incomplete disclosure and provides evasive answers and responses to discovery and interrogatory requests. See Fed. R. Civ.






P. 37(a)(4). Indeed, "[f]or the purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Id.

Here, Plaintiff's Motion to Compel is the result of statements made during deposition by Defendant and TCC employees Jason Mazzuca, Sara Bucknal, and Blimi Kornbluh. During the depositions, claims were made concerning the amount of time plaintiff was trained as an employee (Plaintiff refutes this); defendants disclosed that TCC often provided accommodations for other employees (Plaintiff was denied her accommodations request); and assertions from Mr. Mazzuca (Defendant supervisor) that calls into question whether he committed perjury while testifying during the deposition. See attached: **Exhibit A** (Plaintiffs Request for production), **Exhibit B** (Plaintiffs Second Set of Document Requests), and **Exhibit C** (Defendants answer to Plaintiffs requests).

Plaintiffs Are Entitled to All Relevant Evidence[1]:

Federal Rule of Civil Procedure 26(b)(l) defines the scope of discovery as "any non-privileged matter that is relevant to any party's claim or defense ...." "The term relevance "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978); see also, Thomas E. Hoar, Inc. v. Sara Lee Corp., 882 F. 2d 682, 687 (2d Cir. 1989) (holding that "the broad scope of discovery delimited by the Federal Rules of Civil Procedure is designed to achieve disclosure of all the evidence relevant to the merits of a controversy"); see also Barrett v. City of New York, 237 F.R.D. 39, 40 (E.D.N.Y. 2006) (noting that the information sought "need not be admissible at trial to be discoverable").

Courts in this District have held that the "right of litigants to discover and present relevant evidence in civil litigations is given great weight in federal courts." See Fleurimond v. New York Univ., 2011 WL 3273876, at * 1 (E.D.N.Y. July 29, 201 l)(AKT) (quoting Apicella v. McNeil Labs., 66 F.R.D. 78, 82 (E.D.N.Y. 1975). Plaintiff believes that Defendants are withholding

---

[1] On March 16, 2022, Defendant's provided Plaintiff with supplement discovery requests. Plaintiff is in the process of compiling documents requested.

 



# T. A. Blackburn Law

discovery relevant to this matter, and Plaintiffs request that this Court compel production of the same.

Federal Rule of Civil Procedure 26(e)(2) requires a responding party to "amend a prior response to an interrogatory, request for production, or request for admission if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Plaintiff believes that Defendant is required to amend several of his responses to Plaintiffs' discovery demands, and Plaintiffs request that this Court compel such amendment.

Plaintiffs respectfully request that Your Honor sets a briefing schedule for Plaintiff's Motion to Compel or issue an order:

1. Compelling the Defendant to provide documents responsive to Plaintiffs' First and Second Request for the Production of Documents;
2. Compelling the Defendant to provide amended responses to Plaintiffs' First Request for the Production of Documents;
3. compelling the Defendant to provide amended Interrogatory Responses; and
4. Award Plaintiffs their reasonable expenses, including their attorneys' fees, related to moving for the relief requested herein.

Respectfully submitted,

*Tyrone A. Blackburn, Esq.*
Tyrone A. Blackburn, Esq.
T. A. Blackburn Law, PLLC.
1242 East 80th Street, 3rd Floor
Brooklyn, NY 11236

Cc: All Counsel (via electronic mail)



347-342-7432    tblackburn@tablackburnlaw.com    TABlackburnlaw.com