# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
TINA FORBES :
:
: **RESPONSE TO PLAINTIFF'S**
Plaintiff, : **SECOND SET OF DOCUMENT**
: **REQUESTS**
vs. :
:
TRI-COUNTY CARE, LLC and JAPHE DELIAT, : Docket No. 1:21-cv-01366-RA
:
Defendants. :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendants Tri-County Care, LLC ("Tri-County") and Japhe Deliat (collectively, "Defendants"), by their attorneys, Garfunkel Wild, P.C., for their response to the Plaintiff's Second Set of Document Requests, state as follows:

**GENERAL OBJECTIONS**

1. Defendants object to the Document Requests to the extent they purport to demand discovery on terms, or to impose obligations upon it that are beyond the scope of, or different from, the provisions governing discovery set forth in the Federal Rule of Civil Procedure and applicable Local Civil Rules.

2. Defendants object to the Document Requests to the extent that they are improper in form, including insofar as they are not framed with the required specificity and particularity, and are redundant in nature.

3. Defendants object to the Document Requests to the extent that they are vague, ambiguous, overly broad, unduly burdensome, irrelevant and not reasonably calculated to lead to

the discovery of admissible evidence, or seek information beyond the time-frame relevant to the events underlying this action.

4. Defendants object to the Document Requests to the extent that they seek information protected by any applicable privilege, including but not limited to, the attorney-client privilege, work-product doctrine and trial preparation materials, or pursuant to any applicable state or federal privilege or discovery protection.

5. Defendants object to the Document Requests to the extent that they seek information more readily or properly ascertained through other discovery procedures.

6. Defendants object to the Document Requests to the extent that they seek information readily accessible to Plaintiff or in Plaintiff's possession, custody, or control.

7. Defendants object to the Document Requests to the extent that they seek information outside its possession, custody, or control.

8. Defendants object to the Document Requests to the extent that they seek information that is confidential, proprietary, or constitutes trade secrets.

9. Defendants object to the Document Requests to the extent that they seek information beyond the narrow scope of the issues in this litigation.

10. Defendants object to the Document Requests to the extent that they assume disputed facts and/or facts not in evidence, are susceptible to multiple interpretations, state legal conclusions and/or are otherwise improper.

11. Defendants object to the Document Requests to the extent that they seek information outside the scope of the time period relevant to Plaintiff's Complaint.

12. Defendants reserve each and every privilege and objection raised herein throughout any subsequent response to the Requests.

13. By furnishing information in connection with this response, Defendants are neither agreeing nor representing that any or all of such information is relevant, material, competent or admissible into evidence in connection with this action. Defendants reserve the right to object on any ground to the use of any such information in any proceeding or at the trial of this or any other action.

14. These General Objections are deemed to be incorporated into the Response to each individual Document Request. The Objections set forth below (in response to the Individual Document Requests) are not to be deemed a waiver, either in whole or in part, of any of these General Objections.

## SPECIFIC RESPONSES AND OBJECTIONS TO PLAINTIFF'S SECOND SET OF DOCUMENT REQUESTS

**REQUEST NO. 1** Jason Mazzuca's employee file, including, but not limited to:

    a. His date of hire,
    b. His duration of employment,
    c. The positions held with Defendant Corporation:
        i.       Application for each position,
        ii.      Interview date for each position,
        iii.     Interviewer notes,
        iv.     Start date for each position,
        v.      Salary for each position,
        vi.     Job description for each position,
        vii.    Minimum applicant requirements for each position held,
        viii.   Resume from the beginning of employment with Defendant to present day,
        ix.     Department transfers,
        x.      Record of injury, disability, or personal circumstance that required reasonable accommodations or a position transfer
            1. Accommodation requested,
                a. Date requested,
                b. Date approved,
            2. Type of accommodation awarded by Defendant,
                a. Duration of the accommodation awarded,

   xi.  Employment disciplinary history with Defendant,
   xii.  Promotions throughout employment with Defendant,
 d. Education:
   i.  Type of degree earned,
   ii.  The institution where the degree was earned,
   iii.  Year the degree was earned.
 e. Text Messages, WhatsApp Messages, Social Media Messages, and posts to and from Defendant Deliat concerning Plaintiff.

**RESPONSE**: Defendants object to this request because it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these and the foregoing General Objections, please see Defendants' document production at TC 0000216 to TC 0000231.

**REQUEST NO. 2**  Blimi Kornbluh's employee file, including, but not limited to:

 a. Her date of hire,
 b. Her duration of employment,
 c. The positions held with defendant corporation:
   i.  Application for each position,
   ii.  Interview date for each position,
   iii.  Interviewer notes,
   iv.  Start date for each position,
   v.  Salary for each position,
   vi.  Job description for each position,
   vii.  Minimum applicant requirements for each position held,
   viii.  Resume from the beginning of employment with Defendant to present day,
   ix.  Department transfers,
   x.  Record of injury, disability, or personal circumstance that required reasonable accommodations or a position transfer
    1. Accommodation requested,
     a. Date requested,
     b. Date approved,
    2. Type of accommodation awarded by Defendant,
     a. Duration of the accommodation awarded,
   xi.  Employment disciplinary history with Defendant,

  xii. Promotions throughout employment with Defendant,
 d. Education:
  i. Type of degree earned,
  ii. The institution where the degree was earned,
  iii. Year the degree was earned.
 e. Text Messages, WhatsApp Messages, Social Media Messages, and posts to and from Defendant Deliat concerning Plaintiff.

**RESPONSE**: Defendants object to this request because it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these and the foregoing General Objections, please see Defendants' document production at TC 0000232 to TC 0000238.

Dated: Great Neck, New York
    March 1, 2022

           GARFUNKEL WILD, P.C.
           *Attorneys for Defendants*

           By:   */s/ Harpreet Kaur*
              Andrew Zwerling
              Harpreet Kaur

           111 Great Neck Road
           Great Neck, New York 11021
           (516) 393-2200

To: Tyrone A. Blackburn, Esq.
   T.A. Blackburn Law, PLLC
   1242 E. 80th Street, 3rd Floor
   Brooklyn, NY 11236
   (347) 342-7432