

# T. A. BLACKBURN LAW

### TYRONE A. BLACKBURN

———

MEMBER OF
NY & NJ BAR

———

FEDERAL MEMBERSHIP
EDNY, SDNY, NDNY, & DNJ

———

1242 EAST 80TH STREET, 3RD FLOOR
BROOKLYN, NY 11236

March 24, 2022

**<u>VIA ECF</u>**
The Honorable Ronnie Abrams
United States District Judge
Southern District of New York
40 Foley Square, Room 2203
New York, NY 10007

Re: Forbes v. Tri-County Care, LLC. et al. Case No. 1-21-cv-01366-RA

Dear Judge Abrams:

We represent Plaintiff Tina Forbes in the above-referenced action. We write to Your Honor pursuant to Federal Rule of Civil Procedure 37, Local Rules 37.1 and 37.3 and Your Honor's Individual Practice Rule I.3, to request an Order Compelling Defendant's Tri-County Care, LLC ("TCC") and Japhe Deliat (the "Defendant") to produce discovery and amend their answers to specific discovery requests, as set forth below. Plaintiff also requests an award of their costs and fees.

Per Your Honor's Individual Rules, on March 22, 2022, Plaintiff met and conferred with Defendant to work through the outstanding discovery requests. Defendants opposed providing the requested discovery for a bevy of reasons and urged Plaintiff to file its motion to compel them to provide the requested discovery. Plaintiff is asking the Court to set a briefing schedule so Plaintiff can file its Motion to Compel.

Rule 3 7 permits the requesting party to apply for an order compelling discovery when a party fails to respond to discovery requests. See Fed. R. Civ. P. 37(a). A party may move to compel the production of documents or answers to interrogatories. See Fed. R. Civ. P. 26(a). A party can also move to compel under Rule 37(a) when its adversary offers incomplete disclosure and provides evasive answers and responses to discovery and interrogatory requests. See Fed. R. Civ.



📞 347-342-7432      ✉ tblackburn@tablackburnlaw.com      🌐 TABlackburnlaw.com



# T. A. BLACKBURN LAW

P. 37(a)(4). Indeed, "[f]or the purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Id.

Here, Plaintiff's Motion to Compel is the result of statements made during deposition by Defendant and TCC employees Jason Mazzuca, Sara Bucknal, and Blimi Kornbluh. During the depositions, claims were made concerning the amount of time plaintiff was trained as an employee (Plaintiff refutes this); defendants disclosed that TCC often provided accommodations for other employees (Plaintiff was denied her accommodations request); and assertions from Mr. Mazzuca (Defendant supervisor) that calls into question whether he committed perjury while testifying during the deposition. See attached: **Exhibit A** (Plaintiffs Request for production), **Exhibit B** (Plaintiffs Second Set of Document Requests), and **Exhibit C** (Defendants answer to Plaintiffs requests).

<u>Plaintiffs Are Entitled to All Relevant Evidence</u>[1]:

Federal Rule of Civil Procedure 26(b)(l) defines the scope of discovery as "any non-privileged matter that is relevant to any party's claim or defense .... "The term relevance "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978); see also, Thomas E. Hoar, Inc. v. Sara Lee Corp., 882 F. 2d 682, 687 (2d Cir. 1989) (holding that "the broad scope of discovery delimited by the Federal Rules of Civil Procedure is designed to achieve disclosure of all the evidence relevant to the merits of a controversy"); see also Barrett v. City of New York, 237 F.R.D. 39, 40 (E.D.N.Y. 2006) (noting that the information sought "need not be admissible at trial to be discoverable").

Courts in this District have held that the "right of litigants to discover and present relevant evidence in civil litigations is given great weight in federal courts." See Fleurimond v. New York Univ., 2011 WL 3273876, at * 1 (E.D.N.Y. July 29, 201 l)(AKT) (quoting Apicella v. McNeil Labs., 66 F.R.D. 78, 82 (E.D.N.Y. 1975). Plaintiff believes that Defendants are withholding

---

[1] On March 16, 2022, Defendant's provided Plaintiff with supplement discovery requests. Plaintiff is in the process of compiling documents requested.





# T. A. BLACKBURN LAW

discovery relevant to this matter, and Plaintiffs request that this Court compel production of the same.

Federal Rule of Civil Procedure 26(e)(2) requires a responding party to "amend a prior response to an interrogatory, request for production, or request for admission if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Plaintiff believes that Defendant is required to amend several of his responses to Plaintiffs' discovery demands, and Plaintiffs request that this Court compel such amendment.

Plaintiffs respectfully request that Your Honor sets a briefing schedule for Plaintiff's Motion to Compel or issue an order:

1. Compelling the Defendant to provide documents responsive to Plaintiffs' First and Second Request for the Production of Documents;
2. Compelling the Defendant to provide amended responses to Plaintiffs' First Request for the Production of Documents;
3. compelling the Defendant to provide amended Interrogatory Responses; and
4. Award Plaintiffs their reasonable expenses, including their attorneys' fees, related to moving for the relief requested herein.

By separate Order, this case will be referred to Magistrate Judge Parker for resolution of this dispute and all other discovery disputes. Plaintiff shall raise this issue before Judge Parker.

SO ORDERED.

_____
Hon. Ronnie Abrams
04/05/2022

Respectfully submitted,

*Tyrone A. Blackburn, Esq.*
Tyrone A. Blackburn, Esq.
T. A. Blackburn Law, PLLC.
1242 East 80th Street, 3rd Floor
Brooklyn, NY 11236

 

# EXHIBIT # A



# T. A. BLACKBURN LAW

### TYRONE A. BLACKBURN

MEMBER OF
NY & NJ BAR

FEDERAL MEMBERSHIP
EDNY, SDNY, NDNY, & DNJ

1242 EAST 80TH STREET, 3RD FLOOR
BROOKLYN, NY 11236

March 13, 2022

**VIA E-Mail**
Harpreet Kaur, Esq.
Associate
Garfunkel Wild, P.C.
111 Great Neck Road
Great Neck, New York 11021

Re: Forbes v. Tri-County Care, LLC. et al. Case No. 1-21-cv-01366-RA

Dear counsel,

We represent Plaintiff Tina Forbes in the above-referenced action. We write to request the production of documents which were discussed during the depositions of Blimi Kornbluh, Japhe Deliat, and Jason Mazzuca. As you are aware, the requests listed below were made on the record during the depositions of Kornbluh, Mazzuca, Deliat, and Sara Bucknal.

**Document Request**:

I. During Mr. Deliat's deposition he made several claims that he traveled to the Long Island City office where Ms. Forbes worked and personally trained her. He also stated that Tri-County Care (TCC) reimbursed him for his travel expenses. Ms. Kornbluh, Ms. Bucknal, and Mr. Mazzuca all confirmed that TCC reimburses their employees for their travel expenses. As the Vice President of Human Resources, Ms. Kornbluh identified the system used to submit expense reimbursement request as the "Tri-County Care Portal."

Document Request:

- Travel expense submissions for Mr. Deliat from January 2019 to February 21, 2020.
    - Including but not limited to:
        - Receipts
        - Milage

  

# T. A. Blackburn Law

- Locations traveled too
- Purpose for travel as detailed in the TCC portal

II. During Mr. Deliat's deposition he made several claims that he calendared his work and travel.
Document Request:

- Mr. Deliats work calendar from January 2019 to February 21, 2020.

III. Two days prior to Mr. Deliat's deposition, defense counsel produced a Facebook post from Mr. Deliat dated February 21, 2020. (**Exhibit A**). Mr. Deliat did not turn over the 30+ comments under the post.
Document Request:

- During Mr. Deliat's deposition Plaintiff made a request to have those 30+ comments turned over.

IV. During Mr. Deliat's deposition he disclosed that he was previously deposed in 2012.
Document Request:

- The 2012 deposition transcript.

V. During the Depositions of Kornbluh, Deliat, Bucknal and Mazzuca it was disclosed that several employees have received accommodations. It was also disclosed that transferring offices was a common request of employees which was routinely granted by TCC. Plaintiff made this request before, and Defendants have failed to turnover this information. Plaintiff is once again requesting the following:
Document Request:

- List of all employees who received accommodations from 2019 to 2022,
- The type of accommodation requested,
- The type of accommodation received,
- Duration of the accommodation.



# T. A. BLACKBURN LAW

VI.     During the deposition of Deliat, Mazzuca, and Kornbluh it was disclosed that Gabrielle Dissent
was hired as a training specialist after Tina was terminated.

Document Request:

- Gabrielle's resume
- Gabrielle's job application

**Interrogatories**:

1. What is Gabrielle "Gabby" Dissents date of birth?
2. When Gabby pregnant when she was hired as a training specialist?

Please let me know your availability to meet and confer to discuss these requests.  I am available
by phone at a time of your convenience.  As you know, the deadline to complete discovery is
presently March 17, 2022.  As such, please supplement these responses by March 17, 2022.

We look forward to working through these issues amicably.

Respectfully submitted,

*Tyrone A. Blackburn, Esq.*
Tyrone A. Blackburn, Esq.
T. A. Blackburn Law, PLLC.
1242 East 80th Street, 3rd Floor
Brooklyn, NY 11236

 

# EXHIBIT # A

**Kaur, Harpreet**

| | |
|---|---|
| **From:** | Japhe Deliat <j.deliat@tricountycare.org> |
| **Sent:** | Sunday, February 27, 2022 8:21 PM |
| **To:** | Zwerling, Andrew |
| **Cc:** | Kaur, Harpreet; Rodriguez, Lisa |
| **Subject:** | RE: [EXTERNAL] [TLS FAIL] Re: Welcome to the Training Department ██████████ |

**\*\*\* External email \*\*\***

███████████████████████████████████████████

On this day
# 2 years ago

 **Jay Delia**
Feb 21, 2020 · 👥

Uugggh couldnt sleep last night cause I have to fire someone today, very nice person but not fit for the job...#ifeelbad #mayneedadrinkafterthis #andshejustrevealedshespreggo 🤦🏾‍♂️🤦🏾‍♂️🤦🏾‍♂️

 😢👍😮 You, Lilie Rémy and 19 others       30 comments

| 💬 Send | ➤ Share |
|---|---|

Best Regards,

Japhe Deliat (he/him/his)
VP of Diversity and Staff Development
Tri-County Care
775 North Main Street,
Spring Valley, NY 10977
Direct Phone: 844-504-8400 (ext. 9236)

Confidential                                     TC - 0000211



# T. A. BLACKBURN LAW

### TYRONE A. BLACKBURN

---

MEMBER OF
NY & NJ BAR

---

FEDERAL MEMBERSHIP
EDNY, SDNY, NDNY, & DNJ

---

1242 EAST 80TH STREET, 3RD FLOOR
BROOKLYN, NY 11236

March 14, 2022

**VIA E-Mail**
Harpreet Kaur, Esq.
Associate
Garfunkel Wild, P.C.
111 Great Neck Road
Great Neck, New York 11021

Re: Forbes v. Tri-County Care, LLC. et al. Case No. 1-21-cv-01366-RA

Dear counsel,

We represent Plaintiff Tina Forbes in the above-referenced action. We write to request the production of documents which were discussed during the depositions of Jason Mazzuca. As you are aware, the requests listed below were made on the record during the depositions of Mazzuca.

**Document Request**:

I.  During Mr. Mazzuca's deposition he made several claims that he spoke with Japhe Deliat on February 19, 2020, concerning the use of "departmental restructuring" as a reason for Ms. Forbe's termination. When asked to explain when, and how the discussion with Mr. Deliat took place, Mr. Mazzuca said he spoke with him on the phone. When asked if he used his cellphone or work phone, he could not remember. During the deposition Ms. Mazzuca was warned that lying is an act of perjury and that Plaintiff will pursue the perjury charge with the court if it is discovered that Mr. Mazzuca was indeed lying. He was emphatic that he had called Mr. Deliat on February 19, 2020 and discussed the use of the phrase "departmental restructuring." When asked, he confirmed that his work phone number was 844-504-8400 ext. 9214. He also confirmed that his cellphone number was 518-881-6159. When asked to confirm Mr. Deliat's work phone number as of February 19, 2020, Mr. Mazzuca confirmed Mr. Deliat's work phone number is 844-504-8400 ext. 9236.





347-342-7432     tblackburn@tablackburnlaw.com     TABlackburnlaw.com

# T. A. BLACKBURN LAW

Document Request:

- Phone records between Mr. Mazzuca and Mr. Deliat on February 19, 2020. Including but not limited to:
    - Text conversation,
    - WhatsApp conversation,
    - Phone call logs to and from the numbers listed above, as well as,
    - Phone call logs to and from the numbers listed above to Mr. Deliat's cellphone number he had at the time on February 19, 2020.

Please let me know your availability to meet and confer to discuss these requests. I am available by phone at a time of your convenience. As you know, the deadline to complete discovery is presently March 17, 2022. As such, please supplement these responses by March 17, 2022.

We look forward to working through these issues amicably.

Respectfully submitted,

*Tyrone A. Blackburn, Esq.*
Tyrone A. Blackburn, Esq.
T. A. Blackburn Law, PLLC.
1242 East 80th Street, 3rd Floor
Brooklyn, NY 11236

 347-342-7432   tblackburn@tablackburnlaw.com  TABlackburnlaw.com

# EXHIBIT # B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TINA FORBES | Case No. 21-cv-1366 |
| Plaintiffs, | |
| -against- | **PLAINTIFFS' SECOND SET OF DOCUMENT REQUESTS** |
| TRI-COUNTY CARE, LLC & JAPHE DELIAT, | |
| Defendants. | |

Plaintiff Tina Forbes ("Plaintiff"), by and through her attorney T. A. Blackburn Law, PLLC, in accordance with Rules 33 and 34 of the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the Southern District of New York, hereby requests Tri-County Care, LLC and Japhe Deliat ("Defendants"), respond to the following interrogatories (the "Interrogatories"), and Document Production Requests (the "Requests") in writing under oath within 30 days of service according to the Federal Rules of Civil Procedure and applicable Southern District local rules.

### INSTRUCTIONS AND DEFINITIONS REGARDING DOCUMENT REQUESTS

1. Each numbered request for production, as set forth below (the "requests"), shall be deemed to state and incorporate each and every of the below numbered instructions and definitions as if set forth fully therein.

2. Each request which seeks information relating in any way to communications to, from, or within a business and the corporate entity is hereby designated to demand and should be construed to include all communications by and between representatives, employees, agents, brokers and servants of the business and corporate entity.

3. Each request should be responded to separately. However, if the relevant portion is marked or indexed, a document that responds to more than one request may be produced and referred to in a later response.

4. If Defendants object to a portion of any request, they shall furnish documents responsive to the remainder of the request.

1

5.  The documents produced in response to this Request shall include all drafts thereof, attachments, and enclosures.

6.  All documents produced in response to this Request shall be produced in total, notwithstanding the fact that portions thereof may contain information not requested.

7.  In responding to this Request, Defendants shall provide all requested documents in their possession, custody, or control and shall include all such documents in the possession, custody, or control of Defendants' attorneys, investigators, or any third party to whom Defendants have surrendered possession, custody or control, who are acting on Defendants' behalf, who have otherwise obtained possession, custody or control or who, upon Defendants' request, would surrender possession, custody or control to Defendants.

8.  If Defendants cannot produce any document after exercising due diligence to secure such document, they are to so state, describe the document that they are attempting to secure and the efforts being made to secure the same, and respond to the remainder of the request.

9.  The Requests and responses thereto shall be governed by the definitions and instructions contained in Rule 26.3 of the Local Civil Rules of the United States District Court for the Southern District of New York, as amended, which are incorporated by reference in these requests.

10. For any document or portion of a document that is withheld on grounds of privilege, a privilege log shall be provided in accordance with the requirements of the Local Civil Rules (e.g. Local Rule 26.2).

11. For any document withheld on grounds other than privilege, Defendants shall indicate with specificity the grounds under which they are withholding the document and identify the document by including a description of the document in a log similar to a privilege log or other means sufficient to describe for any such documents (i) the types of documents; (ii) the general subject matter of the documents; (iii) the dates of the documents; (iv) the authors, addresses and recipients of the documents; (v) the circumstances surrounding the loss of the documents or destruction of the documents, if applicable; and (vi) the last or present custodian of the documents.

12. For all documents that are not produced in response to any of the requests because such documents were lost or destroyed, such documents shall be identified by giving, to the extent known: (i) the types of documents; (ii) the general subject matter of the documents; (iii) the dates of the documents; (iv) the authors, addresses and recipients of the documents; (v) the circumstances surrounding the loss of the documents or destruction of the documents, if applicable; and (vi) the last or present custodian of the documents.

13. This Request shall be deemed to be continuing in nature to require further and supplemental production when Defendants discover, receive, or generate additional responsive documents between the time of the original production and the time of trial.

14. This "action" or "lawsuit" shall mean the above-captioned action, filed in the Southern District of New York.

15. The Complaint shall mean the Complaint or any Amended Complaint in this action, and the Answer shall mean the Answer and any Amended Answer filed in this action.

16. Unless otherwise indicated, each request is to be construed as encompassing all documents dated or created from six years prior to filing the lawsuit to the Present.

17. Unless otherwise indicated, each request asking for information regarding Defendants should be construed as encompassing any corporation, partnership, subsidiary, or other business owned and operated, in whole or in part, by Defendants.

18. Unless otherwise indicated, Defendants shall mean all the Defendants in the above-titled action, "Corporate Defendant" shall mean Tri-County Care, LLC., and any subsequent entity added to the lawsuit as Defendants. Plaintiff(s) shall mean the named Plaintiffs and any additional opt-in Plaintiffs.

19. In responding to these requests, the documents produced shall be segregated and identified by the paragraphs and subparagraphs of this request to which they are primarily responsive; or shall be produced as kept in the ordinary course of business.

20. Defendants shall respond to these combined requests separately and indicate from which Defendant any document is produced. Therefore, each Defendant shall produce their own set of responsive documents, even if duplicative of the other respective Defendants' production. If such production becomes unduly burdensome, counsel for Defendants is invited to discuss with Plaintiffs' counsel an appropriate means of indicating which documents are being produced from the possession, custody, and control of which specific Defendant (s).

## **DOCUMENT REQUESTS**

1. Jason Mazzuca's employee file. Including, but not limited to:
   a.  His date of hire,
   b.  His duration of employment,
   c.  The positions held with defendant corporation:
      i.  Application for each position,
      ii.  Interview date for each position,
      iii.  Interviewer notes,
      iv.  Start date for each position,
      v.  Salary for each position,
      vi.  Job description for each position,
      vii.  Minimum applicant requirements for each position held,
      viii.  Resume from the beginning of employment with Defendant to present day,
      ix.  Department transfers,
      x.  Record of injury, disability, or personal circumstance that required reasonable accommodations or a position transfer

1. Accommodation requested,
    a. Date requested,
    b. Date approved,
2. Type of accommodation awarded by Defendant,
    a. Duration of the accommodation awarded,
    xi. Employment disciplinary history with Defendant,
    xii. Promotions throughout employment with Defendant,
  d. Education:
    i. Type of degree earned,
    ii. The institution where the degree was earned,
    iii. Year the degree was earned.
  e. Text Messages, WhatsApp Messages, Social Media Messages, and posts to and from Mr. Mazzuca concerning Plaintiff.


2. Blimi Kornbluh's employee file. Including, but not limited to:
    a. Her date of hire,
    b. Her duration of employment,
    c. The positions held with defendant corporation:
        i. Application for each position,
        ii. Interview date for each position,
        iii. Interviewer notes,
        iv. Start date for each position,
        v. Salary for each position,
        vi. Job description for each position,
        vii. Minimum applicant requirements for each position held,
        viii. Resume from the beginning of employment with Defendant to present day,
        ix. Department transfers,
        x. Record of injury, disability, or personal circumstance that required reasonable accommodations or a position transfer
            1. Accommodation requested,
                a. Date requested,
                b. Date approved,
            2. Type of accommodation awarded by Defendant,
                a. Duration of the accommodation awarded,
        xi. Employment disciplinary history with Defendant,
        xii. Promotions throughout employment with Defendant,
    d. Education:
        i. Type of degree earned,
        ii. The institution where the degree was earned,
        iii. Year the degree was earned.
    e. Text Messages, WhatsApp Messages, Social Media Messages, and posts to and from Ms. Kornbluh concerning Plaintiff.

4

Date: February 21, 2022
      Brooklyn, New York

                                        *Tyrone A. Blackburn, Esq.*

                                        Tyrone A. Blackburn, Esq.
                                        T. A. Blackburn Law, PLLC
                                        1242 E. 80th Street, 3rd Floor
                                        Brooklyn, NY 11236
                                        *Attorney for Plaintiff*

To:
Harpreet Kaur, Esq.
Garfunkel Wild, P.C.
111 Great Neck Road
Great Neck, NY 11021
*Attorney for Defendants*

# EXHIBIT # C

### GARFUNKEL WILD, P.C.

ATTORNEYS AT LAW

111 GREAT NECK ROAD • GREAT NECK, NEW YORK 11021
TEL (516) 393-2200 • FAX (516) 466-5964
www.garfunkelwild.com

HARPREET KAUR
Associate
Licensed in NY
Email: hkaur@garfunkelwild.com
Direct Dial: (516) 393-2239

FILE NO.: 15478.0005

March 16, 2022

**By E-Mail**

Tyrone A. Blackburn, Esq.
T.A. Blackburn Law, PLLC
1242 E. 80th Street, 3rd Floor
Brooklyn, NY 11236
(347) 342-7432

     Re:    Tina Forbes v. Tri-County Care, LLC, et al.
            Case No.: 1-21-cv-01366 (RA)

Dear Tyrone:

    As you know, we represent the Defendants, Tri-County Care, LLC ("Tri-County") and Mr. Japhe Deliat in the above-referenced matter. We write in response to your correspondence dated February 21, 2022 regarding purported deficiencies with Defendants' responses to Plaintiff's First Set of Interrogatories and First Request for the Production of Documents. Preliminarily, while you take issue with a number of Defendants' discovery responses, you do not provide any basis whatsoever as to why those responses are either deficient and/or improper. For example, with regard to Defendants' response to Interrogatory No. 3, you simply state Defendants' objected to this Interrogatory, but do not detail any reason why Defendants' objections were not proper in the first instance. With that said, Defendants respond to each request identified in your correspondence below. In doing so, Defendants incorporate the general qualifications and objections stated in Defendants' responses to Plaintiff's First Set of Interrogatories and Document Requests.

**Plaintiff's First Set of Interrogatories**

Interrogatory No. 2: This Interrogatory is improper in that it is vague, overbroad, unduly burdensome, not relevant and/or material to the subject matter of this action, and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections and the general objections referenced in Defendants' responses to Plaintiff's Interrogatories, Vice President of Human Resources, Blimi Kornbluh and Vice President of Care Management, Jason Mazzuca made the decision to terminate Plaintiff's employment.

Interrogatory No. 3: This Interrogatory is improper in that it is vague, overbroad, unduly burdensome, not relevant and/or material to the subject matter of this action, is not reasonably calculated to lead to the discovery of admissible evidence, and most importantly, calls for the production of confidential and/or privileged information. Stated simply, disclosing that an employee received an accommodation for a medical condition essentially reveals that the employee has a medical condition/disability, which would violate various privacy and/or

---

NEW YORK                NEW JERSEY                CONNECTICUT

Tyrone A. Blackburn, Esq.
March 16, 2022
Page 2

confidentiality laws related to the protection of medical information. This Interrogatory is further improper to the extent it seeks the disclosure of the identities of all employees who requested an accommodation, irrespective of the reason for the accommodation request. By way of an example, an employee's request for an accommodation based on a mental health condition is irrelevant to the instant matter. With regard to any disparate treatment claim, your client unequivocally conceded at her deposition that she was unaware of how other individuals at Tri-County were treated in comparison to herself. Accordingly, Plaintiff's Interrogatory No. 3 is flawed for multiple reasons.

Interrogatory No. 4: This Interrogatory is improper in that it is vague, overbroad, unduly burdensome, not relevant and/or material to the subject matter of this action, and is not reasonably calculated to lead to the discovery of admissible evidence. For example, whether someone has the authority to hire and/or fire employees outside of the Training and Education Department is not only overbroad, but wholly irrelevant to this matter. Without waiving these objections and the general objections referenced in Defendants' responses to Plaintiff's Interrogatories, see response to Interrogatory No. 2.

Interrogatory No. 7: This Interrogatory is improper in that it is vague, overbroad, unduly burdensome, not relevant and/or material to the subject matter of this action, and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff's request for each e-mail address used by Defendants to communicate concerning business conducted by Corporate Defendant is overbroad, unduly burdensome and is not relevant and/or material to the subject matter of this action. Tri-County employs hundreds of employees and each of these employees has a Tri-County issued email address that is used to communicate concerning Tri-County's business. Plaintiff's request for each and every employees' email-address is preposterous, not only because it is overbroad, but because the vast majority of the communications to and from these e-mail addresses bear no relation to either Plaintiff or her employment with Tri-County. Accordingly, Plaintiff's Interrogatory No. 7 is flawed and improper.

**Plaintiff's Documents Requests**

Defendants previously produced all documents responsive to Plaintiff's Document Requests in their Initial Disclosures, dated July 14, 2021, and Response to Plaintiff's First Request for the Production of Documents, dated January 4, 2022. Defendants have also continued to comply with their ongoing duty to disclose potentially relevant materials by producing additional documents in supplemental disclosures made on February 15, 2022 and February 28, 2022. Defendants have no other documents responsive to these Document Requests.

Best regards,

*/s/ Harpreet Kaur*

Harpreet Kaur

cc:    Andrew Zwerling, Esq.

**GARFUNKEL WILD, P.C.**

6408433v.1

# GARFUNKEL WILD, P.C.

**ATTORNEYS AT LAW**

111 GREAT NECK ROAD • GREAT NECK, NEW YORK 11021
TEL (516) 393-2200 • FAX (516) 466-5964
www.garfunkelwild.com

**HARPREET KAUR**
Associate
Licensed in NY
Email: hkaur@garfunkelwild.com
Direct Dial: (516) 393-2239

**FILE NO.:**    15478.0005

March 16, 2022

**By E-Mail**

Tyrone A. Blackburn, Esq.
T.A. Blackburn Law, PLLC
1242 E. 80th Street, 3rd Floor
Brooklyn, NY 11236
(347) 342-7432

      Re:     Tina Forbes v. Tri-County Care, LLC, et al.
              Case No.: 1-21-cv-01366 (RA)

Dear Tyrone:

     We write to respond to your supplemental discovery requests, dated March 13, 2022 and
March 14, 2022 related to the depositions of Blimi Kornbluh, Japhe Deliat and Jason Mazzuca.
Defendants incorporate the general qualifications and objections stated in their responses to
Plaintiff's first set of Interrogatories and Document Requests.

**Responses to March 13, 2022 Supplement Discovery Requests**

DOCUMENT REQUEST NO. 1:    Travel expense submissions for Mr. Deliat from January
                               2019 to February 21, 2020**.**
                             • Including but not limited to:

                                o   Receipts;

                                o   Mileage;

                                o   Locations traveled to;

                                o   Purpose for travel as detailed in the TCC portal

RESPONSE: Defendants object to this request because it is vague, overbroad, and unduly
burdensome, not relevant and/or material to the subject matter of this action and is not
reasonably calculated to lead to the discovery of admissible evidence. Defendants also

---

**NEW YORK**                    **NEW JERSEY**                   **CONNECTICUT**

Tyrone A. Blackburn, Esq.
March 16, 2022
Page 2

object to this request as it seeks information beyond the narrow scope of the issues in this litigation.

DOCUMENT REQUEST NO. 2:    Mr. Deliat's work calendar from January 2019 to February 21, 2020.

RESPONSE: Defendants object to this request because it is vague, overbroad, and unduly burdensome, not relevant and/or material to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to this request as it seeks information beyond the narrow scope of the issues in this litigation.

DOCUMENT REQUEST NO. 3:    30+ Facebook comments to a Facebook post from Mr. Deliat dated February 21, 2020.

RESPONSE: Defendants object to this request because it is vague, overbroad, and unduly burdensome, not relevant and/or material to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to this request as it seeks information beyond the narrow scope of the issues in this litigation.

DOCUMENT REQUEST NO. 4:    The 2012 deposition transcript.

RESPONSE: Defendants object to this request because it is vague, overbroad, and unduly burdensome, not relevant and/or material to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to this request as it seeks information beyond the narrow scope of the issues in this litigation.

DOCUMENT REQUEST NO. 5:    List of all employees who received accommodations from 2019 to 2022,

- The type of accommodation requested,

- The type of accommodation received,

- Duration of the accommodation.

RESPONSE: Defendants object to this request because it is vague, overbroad, and unduly burdensome, not relevant and/or material to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to this request as it seeks information beyond the narrow scope of the issues in this litigation. Defendants further object to this request as it calls for the production of privileged and/or confidential information.

**GARFUNKEL WILD, P.C.**

Tyrone A. Blackburn, Esq.
March 16, 2022
Page 3

<u>DOCUMENT REQUEST NO. 6</u>:  Gabrielle's resume and Gabrielle's job application.

  <u>RESPONSE:</u> Defendants object to this request because it is vague, overbroad, and unduly burdensome, not relevant and/or material to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to this request as it seeks information beyond the narrow scope of the issues in this litigation.

<u>INTERROGATORY REQUEST NO. 1</u>:  What is Gabrielle "Gabby" Dissents date of birth?

  <u>RESPONSE:</u> Defendants object to this interrogatory because it is vague, overbroad, and unduly burdensome, not relevant and/or material to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. Defendants object to this interrogatory as it seeks information beyond the narrow scope of the issues in this litigation. Defendants also object to this interrogatory as it calls for privileged and/or confidential information.

<u>INTERROGATORY REQUEST NO. 2</u>:  When Gabby pregnant when she was hired as a training specialist?

  <u>RESPONSE:</u> Defendants object to this request because it is vague, overbroad, and unduly burdensome, not relevant and/or material to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. Defendants object to this request as it seeks information beyond the narrow scope of the issues in this litigation. Defendants also object to this request as it calls for privileged and/or confidential information. Defendants further object to this interrogatory insofar as it is unintelligible.

**<u>Responses to March 14, 2022 Supplement Discovery Requests</u>**

<u>DOCUMENT REQUEST NO. 1</u>:  Phone records between Mr. Mazzuca and Mr. Deliat on February 19, 2020, including but not limited to:

                   • Text conversation,

                   • WhatsApp conversation,

                   • Phone call logs to and from the numbers listed,

                   • Phone call logs to and from the numbers listed to Mr. Deliat's cellphone number he had at the time on February 19, 2020.

  <u>RESPONSE</u>: Defendants object to this request because it is vague, overbroad, and unduly burdensome, not relevant and/or material to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. Defendants also

**GARFUNKEL WILD, P.C.**

Tyrone A. Blackburn, Esq.
March 16, 2022
Page 4

object to this request as it seeks information beyond the narrow scope of the issues in this litigation.

Best regards,

*/s/ Harpreet Kaur*

Harpreet Kaur

cc:    Andrew Zwerling, Esq.

**GARFUNKEL WILD, P.C.**